UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELISA WILLIAMS,

        Plaintiff,

v.

TARGET CORPORATION,

        Defendant.

_____/

Case No. 2:25-cv-11498

HONORABLE STEPHEN J. MURPHY, III

## ORDER REMANDING CASE

The Court ordered Target to show cause for why the case should not be remanded to state court. ECF No. 2. Target responded and gave four reasons why the Court should not remand the case: (1) the allegations in the complaint are sufficient to suggest that the amount in controversy exceeds $75,000; (2) one persuasive order from this district with "allegations of injury similar to that asserted by" Williams did not result in remand; (3) the "verbiage" of the complaint suggests that further allegations of injuries may be forthcoming; and (4) Williams alleged eight acts or omissions supporting her state-law negligence claim. ECF No. 5, PageID.41–42. The Court will address each in turn and remand the case.

First, for the reasons stated in the show-cause order, Williams's allegations are insufficient to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (explaining burden), *abrogated in part on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The only allegations in the complaint that supported an

1

amount in controversy were Williams's request for a sum exceeding $25,000 and the following narrative:

> Ms. Williams was walking on the premises at TARGET CORPORATION where she encountered uneven pavement on which she tripped and fell. . . . Ms. Williams's body was thrown to the ground resulting in injury. . . . Ms. Williams suffered severe injuries including but not limited to the neck, low back, left knee, and left hip.

ECF No. 1, PageID.9. Apart from the nebulous adjective "severe" and the colorful verb "thrown," the Court has no basis to conclude that this case concerns anything other than a run-of-the-mill slip and fall.

As previously explained, other courts have found the amount in controversy wanting when presented with more detailed or comprehensive allegations of more severe injury. *See, e.g.*, *Giffin v. Runyons*, No. 11-146, 2011 WL 5025074, at *1–2, 4 (E.D. Ky. Oct. 21, 2011) (Thapar, J.) (remanding despite an allegation that plaintiff fell off a roof and broke his arm); *Varlesi v. Wal-Mart Stores, Inc.*, No. 25-cv-10039, ECF No. 4, PageID.47 (E.D. Mich. Jan. 23, 2025) (Murphy J.) (remanding despite allegations of a broken arm, "Injuries to and about the entire musculoskeletal system and sequelae," "Various and diverse injuries to the extremities," and "Any and all other manner of internal and external injuries"); *Luk v. Costco Wholesale Corp.*, No. 8:22-cv-01970, 2022 WL 17620298, at *2 (C.D. Cal. Dec. 13, 2022) (remanding despite allegations of a surgically corrected broken knee); *Washington v. Racetrac Petroleum, Inc.*, No. 6:16-cv-334-ORL-28GJK, 2016 WL 2658162, at *1 (M.D. Fla. May 9, 2016) (remanding despite detailed allegations of "severe burns and significant disfigurement"); *Porter v. Kroger Co.*, No. 09-cv-401, 2009 WL 1513169, at *2 (S.D.

Ill. May 29, 2009) (remanding despite allegations of a torn meniscus and unspecified lost wages). The Court finds those cases instructive.

Second, the only persuasive case cited by Target—*Bass v. IKEA U.S. E., LLC*, No. 16-cv-10694, 2016 WL 2342321 (E.D. Mich. May 4, 2016)—does not undermine the Court's conclusion because the allegations in *Bass* were more detailed. There, the plaintiff alleged a broken nose, the incurrence of "substantial" expense for medical bills, and the need for therapy or special needs care. *Id.* at *2.[1] Moreover, Target's citation of the authority does not overwhelm the litany of more analogous cases cited by the Court in its show-cause order.

Third, Target did not explain what "verbiage" suggests that more allegations of injury will be forthcoming. *See* ECF No. 5, PageID.42. Upon review of the complaint, only the statement that Williams's injuries "includ[ed] but [were] not limited to" the enumerated injuries could suggest that. ECF No. 1, PageID.9. Target calls for the Court to read a lot into a little. The Court is not persuaded that unbounded speculation from routine boilerplate language supports a finding that the amount in controversy exceeds $75,000. And it certainly does not rise to the level of a preponderance of the evidence.

Fourth and finally, Target failed to explain how the fact that Williams alleged eight different negligent acts or omissions is relevant to the amount of her possible recovery. Under Michigan law, compensatory damages are limited by the amount of

---

[1] The Court need not and does not opine on whether those details, if added here, would be sufficient to establish a sufficient amount in controversy.

3

harm actually suffered. *Rafferty v. Markovitz*, 461 Mich. 265, 271 (1999) ("Because the purpose of compensatory damages is to make an injured party whole for losses actually suffered, the amount of recovery for such damages is thus limited by the amount of the loss."). Alleging multiple paths to recovery might well make it more likely that Williams will recover, but Target failed to explain how doing so increases the amount in controversy.

The Court concludes that Target did not show that this case involves an amount in controversy greater than $75,000, so the Court will remand the case.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the case is **REMANDED** to the 22nd Judicial Circuit Court for the County of Washtenaw, Michigan.

This is a final order that closes the case.

**SO ORDERED.**

                                    s/ Stephen J. Murphy, III
                                    STEPHEN J. MURPHY, III
                                    United States District Judge

Dated: June 3, 2025